

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00045-CV

IN RE META PLATFORMS, INC.

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

# MEMORANDUM OPINION

Relator, Meta Platforms, Inc., f/k/a/ Facebook, Inc. (Meta), has filed a petition for a writ of mandamus complaining of the trial court's order denying its motion to disqualify counsel for the State of Texas. We deny the petition.

## I. Factual and Procedural Background

Zina Bash is lead outside counsel for the State of Texas in a suit filed in February 2022 against Meta for alleged violations of Texas's Capture or Use of Biometric Identifier Act. *See* TEX. BUS. & COM. CODE ANN. § 503.001. On April 10, 2023, based on Bash's work at Meta as a summer intern in 2012, Meta filed a motion to disqualify Bash and her firm, Keller Postman LLC, from representing the State of Texas.

Meta claimed that Bash should be disqualified for taking on representation adverse to it in a substantially related matter. Meta claimed that Bash, though an intern, had a law degree and was working in Meta's (then Facebook's) legal department, making her a lawyer for Meta at a time when Meta's legal department was "particularly focused on Tag Suggestions and the privacy policies surrounding it." Meta claimed that Bash is adverse to Meta and that her 2012 work was substantially related, therefore, "[n]o more is required to disqualify Ms. Bash," in other words, disqualification is "mandatory."

The State responded with three core arguments. First, the State claimed that Meta had waived this issue by waiting so late in the case to raise it, as Bash, however briefly, had been employed by Meta, and hence Meta itself had knowledge all along of what Bash had done for Meta and possession of documents related to that work. Second, the State claimed that Meta had

2

established neither that the duties of the internship called on Bash to act as Meta's attorney during that time nor that, as an attorney, Bash had handled any matter substantially related to the present case. In this regard, the State noted that Meta had not produced any contract showing the terms of the internship nor had Meta shown that Bash was licensed to practice law in California or had registered to act as an in-house counsel in California. Third, the State claimed that Meta had an erroneous view of the law and that, based on that erroneous view, Meta made no showing of prejudice and certainly no showing to overcome the prejudice to the State from disqualification (prejudice which the State supported with affidavit evidence).

Meta contends here, as Meta contended in the trial court, that the recently unearthed emails from that internship (the Bash emails) were "nonresponsive" to Meta's discovery obligations in this case.[1]

---

[1] In a May 16, 2023, letter to this Court regarding the *in-camera* submission of the Bash emails, Meta stated as follows:

> Meta has also provided the State with a privilege log covering those documents. There is a good reason why [the Bash emails] were not previously listed on Meta's privilege log: They were not collected as part of the agreed-upon discovery in this case, were not responsive to the State's discovery requests, and were not withheld on the basis of privilege or otherwise. The parties identified twenty-three custodians at Meta whose files would be searched (using agreed-upon search terms) for responsive documents. None of the emails to, from, or copying Ms. Bash was located in the files of those twenty-three custodians, so none of those emails was ever identified as responsive, which is a necessary predicate to being withheld on the basis of privilege and included on a privilege log.
>
> Meta did not know these documents existed until after Meta learned of the potential conflict in mid-March 2023. At that time, Meta conducted a manual search of the files of *other* Meta lawyers, whose 2012 emails happened to be preserved under an *unrelated* litigation hold. Ms. Bash's own inbox was deleted years ago pursuant to Meta's document-retention policy.

After having considered the motion, the State's opposition to the motion, the reply in support of the motion, the arguments of the parties, and "all evidence properly before the Court," the trial court denied the motion to disqualify. Meta asks this Court to direct the trial court to vacate its order denying Meta's motion to disqualify Bash and Keller Postman.

## II. Standard of Review

"Mandamus is an extraordinary remedy requiring the relator to show that (1) the trial court abused its discretion and (2) the relator lacks an adequate remedy on appeal." *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding) (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding)). "Mandamus relief is only appropriate when the relators have established that only one outcome in the trial court was permissible under the law." *In re Murrin Bros. 1885, Ltd.*, 603 S.W.3d 53, 56 (Tex. 2019) (orig. proceeding). "The inappropriate denial of a motion to disqualify is an abuse of discretion for which there is generally no adequate remedy on appeal." *Id.* at 57.

"When reviewing matters committed to a trial court's discretion, an appellate court may not substitute its own judgment for the trial court's judgment." *In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 422 (Tex. 2002) (per curiam) (orig. proceeding) (citing *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding)). As a result, we may not "set aside the trial court's [order] unless it is clear from the record that the trial court could only reach one decision." *Id.*

## III.    Disqualification

Disqualification is a question of what is in "the interests of justice" given "all the facts and circumstances" of the case. *In re Murrin Bros. 1885, Ltd.*, 603 S.W.3d at 57 (quoting *In re Meador*, 968 S.W.2d 346, 350 (Tex. 1998) (orig. proceeding)). "Disqualification of counsel is a severe remedy that can result in significant expense to clients, disrupt the orderly progress of litigation, and deprive a party of the counsel of its choice." *Id.* (citing *In re Nitla*, 92 S.W.3d at 422). It follows that "[c]ourts must adhere to an exacting standard when considering motions to disqualify so as to discourage their use as a dilatory trial tactic." *Spears v. Fourth Ct. of Appeals*, 797 S.W.2d 654, 656 (Tex. 1990) (orig. proceeding).

The Texas Disciplinary Rules of Professional Conduct provide "helpful guidance," but of themselves "do not determine whether counsel is disqualified in litigation." *In re Murrin Bros. 1885, Ltd.*, 603 S.W.3d at 57 (quoting *Nat'l Med. Enters. v. Godbey*, 924 S.W.2d 123, 132 (Tex. 1996) (orig. proceeding) and *In re Meador*, 968 S.W.2d at 350).[2]

## IV.    Conclusion

It was well within the trial court's discretion to deny Meta's disqualification motion.

---

[2]Further, in a given case, courts may look to multiple rules for guidance. *See, e.g.*, *Nat'l Med. Enters. v. Godbey*, 924 S.W.2d at 132 ("Rule 1.09 does not define 'adverse,' so the district court turned, correctly, we think, to the dictionary definition of the word, and to the definition of 'directly adverse' in Rule 1.06, comment 6.")

5

The Court, having examined and fully considered the petition for a writ of mandamus, the response, the reply, the record, and the applicable law, is of the opinion that the mandamus petition should be denied. Accordingly, we deny the petition.[3]

Jeff Rambin
Justice

Date Submitted:    June 13, 2023
Date Decided:      June 14, 2023

---

[3]On May 1, 2023, Meta filed a motion to file the mandamus petition, record, and emergency motion for temporary relief under seal. As a result of this Court's May 5, 2023, order, Meta advised this Court, by letter dated May 10, 2023, "that the as-filed copies of Meta's mandamus petition, emergency motion for temporary relief, and reply in support of that motion [were] suitable for publication on the Court's website." Also on May 10, 2023, Meta filed a redacted mandamus record in accordance with our May 5 order. The redacted materials were subject to a Rule 76a temporary sealing order issued by the trial court. TEX. R. CIV. P. 76a. On May 11, 2023, the trial court conducted a hearing to determine whether such materials should be made subject to a permanent Rule 76a sealing order. In our May 5 order, we reserved ruling on Meta's motion to seal regarding those aspects of the mandamus record that were subject to the trial court's final Rule 76a ruling. Meta has not supplemented the mandamus record with the trial court's order regarding the May 11 hearing. As a result, this Court will post the un-redacted mandamus record to its website unless, within five days of the date of this opinion, the record is supplemented with an order from the trial court permanently sealing, under Rule 76a, the redacted materials.